UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
DIQUAN BOOKER,

                    Petitioner,

                                        MEMORANDUM AND ORDER
          -against-                     19-CV-3758(JS)

SUPERINTENDENT,
SHAWANGUNK CORRECTIONAL FACILITY,

                    Respondent.
----------------------------------X
APPEARANCES
For Petitioner:     Diquan Booker, pro se
                    DIN #16A1691
                    Sullivan Correctional Facility
                    P.O. Box 116
                    Fallsburg, New York 12733

For Respondent:     Cristin N. Connell, Esq.
                    Brian Witthuhn, Esq.
                    Nassau County District Attorney's Office
                    262 Old Country Road
                    Mineola, New York 11501

SEYBERT, District Judge:

          Petitioner Diquan Booker ("Petitioner") brings this pro

se Petition pursuant to 28 U.S.C. § 2254 for a writ of habeas

corpus.  (Pet., D.E. 1.)  Respondent Superintendent, Shawangunk

Correctional Facility ("Respondent") moves to dismiss the Petition

on the ground that Petitioner has not exhausted available state

remedies.  (Resp't Mot., D.E. 7, at ECF pp. 3, 6, 10.)  Petitioner

has not opposed the motion.  For the reasons set forth below,

Respondent's motion is GRANTED, and the Petition is DISMISSED,

without prejudice, as premature.

Petitioner was arrested and charged under two indictments, 1085N-14 and 1131N-14, for crimes committed in Nassau County. (Resp't Mot. at ECF p. 5, ¶ 5.) Petitioner pled guilty to one count of Arson in the Second Degree (New York Penal Law § 150.15), one count of Attempted Murder in the Second Degree (New York Penal Law § 110/125.25), one count of Criminal Use of a Firearm in the First Degree (New York Penal Law § 265.09), and one count of Criminal Contempt in the First Degree (New York Penal Law § 215.51). (Resp't Mot. at ECF p. 5, ¶ 5.) On April 13, 2016, Judge William J. O'Brien, of the Nassau County Supreme Court, sentenced Petitioner to fifteen years imprisonment and three years post-release supervision on each count of Arson in the Second Degree, Attempted Murder in the Second Degree, and Criminal Use of a Firearm in the First Degree, and to one-and-a-third to four years imprisonment on Criminal Contempt in the First Degree, with all sentences to run concurrently. (Resp't Mot. at ECF p. 5; see D.E. 1-1 at ECF pp. 8-9.) Petitioner is currently incarcerated. (Pet. at ECF p. 1, Resp't Mot. at ECF p. 5.)

Petitioner brings this Petition for a writ of habeas corpus seeking relief from the judgment of conviction from the Nassau County Supreme Court on the grounds that his defense counsel was ineffective. (Pet. at ECF 5.) Petitioner alleges that he has appealed his conviction to the "NYS Appeal Court," but he does not know his case number, the result of his appeal, the citation to

his case, or the grounds raised on appeal. (Pet. at ECF p. 2.)

In opposition, Respondent asserts that Petitioner has appealed

both judgments of conviction under indictment numbers 1085N-14 and

1131N-14 to the Appellate Division, Second Department, which have

been consolidated into one appeal and is still currently pending.[1]

(Resp't Mot. ECF pp. 5-6.) However, it is unclear the grounds

Petitioner asserts in his appeal of his judgment of conviction in

State court.[2]

Prior to petitioning for a writ of habeas corpus, a

petitioner must first exhaust any available state court remedies.

28 U.S.C. § 2254(b)(1)(A). To properly exhaust a state court

remedy, a petitioner "must apprise the highest state court of both

the factual and the legal premises of the federal claims ultimately

asserted in the habeas petition." Galdamaz v. Keane, 394 F.3d 68,

73 (2d Cir. 2005). "A district court must dismiss any petition

for habeas corpus . . . that contains issues not exhausted in

---

[1] The Court takes judicial notice that as of the date of this
Order, Petitioner's appeal under consolidated docket numbers
1085N-14 and 1131N-14 is still pending in the Appellate
Division, Second Department. Rolle v. McCarthy, No. 02-CV-4398,
2005 WL 5885366, *4 n.5 (E.D.N.Y. June 21, 2005) (taking
judicial notice of New York Supreme Court conviction and pending
appeal before the Appellate Division, Second Department).

[2] Additionally, Respondent states that Petitioner has not moved
the State court to vacate his judgment of conviction pursuant to
New York Criminal Procedure Law § 440. (Resp't Mot. at ECF
p. 6.)

state courts." <u>McKethan v. Mantello</u>, 292 F.3d 119, 122 (2d Cir. 2002) (citing <u>Rose v. Lundy</u>, 455 U.S. 509, 510, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982)). Because Petitioner's criminal appeal is still pending, as he has not exhausted his available state court remedies, his Petition is therefore premature. Therefore, the Petition is DISMISSED WITHOUT PREJUDICE. Petitioner may file a new petition once he exhausts his state court remedies.

Accordingly, Respondent's motion to dismiss is GRANTED and Petitioner's habeas corpus petition is DISMISSED WITHOUT PREJUDICE. The Clerk of the Court is directed to mark this matter CLOSED and to mail a copy of this Order to the <u>pro</u> <u>se</u> Petitioner.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: March ___13___, 2019
       Central Islip, New York

4